**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JAIME ELIBERTO LOPEZ-LOPEZ, | No.    14-70943 |
| Petitioner, | Agency No. A200-815-608 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2017**
San Francisco, California

Before:  D.W. NELSON and IKUTA, Circuit Judges, and SEABRIGHT,*** Chief
District Judge.

---

   \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

   \*\*\*     The Honorable J. Michael Seabright, United States Chief District
Judge for the District of Hawaii, sitting by designation.

Jaime Eliberto Lopez-Lopez ("Lopez-Lopez"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

In his opening brief, Lopez-Lopez does not challenge the agency's denial of his CAT claim or the determination that he failed to demonstrate a well-founded fear of future persecution on account of an anti-gang political opinion. Thus, we deny the petition as to Lopez-Lopez's CAT claim and political opinion-based asylum claim. *See Martinez-Serrano v. INS.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived); *see also Barrios v. Holder*, 581 F.3d 849, 856 n.6 (9th Cir. 2009).

We also reject Lopez-Lopez's argument that he is entitled to asylum based on membership in a particular social group. The BIA correctly determined that "young Guatemalan men targeted by gang members" or "young Guatemalan men fearful of gangs" were not cognizable social groups because the proposed groups did not meet the particularity or the social distinction requirements. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) ("[To demonstrate membership in a

2

particular social group,] [t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).[1]

To the extent Lopez-Lopez now contends that he is a member of a particular social group that is different from the particular social groups the agency addressed, such a contention has not been exhausted and we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We hold that Lopez-Lopez is ineligible for asylum based on membership in a particular social group. *See Barrios*, 581 F.3d at 854–55 (rejecting petitioner's argument that he was a member of a particular social group of young males in Guatemala who are targeted for gang recruitment but refuse to join); *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (holding that "young Honduran men who have been recruited by gangs but refuse to join do not constitute a particular social group"), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc) (limiting *Ramos-Lopez* and related cases to the extent

---

[1] We note that in *Reyes*, we held that the "BIA's present articulation of the 'particularity' and 'social distinction' requirements" – which are set forth in the BIA decision now before us – "is consistent with the statute, reflects the agency's ongoing efforts to construe the ambiguous statutory phrase 'particular social group,' is reasonable, and is entitled to *Chevron* deference." 842 F.3d at 1133.

they mischaracterized the "social visibility" requirement by requiring "on-sight" visibility); *Santos-Lemus v. Mukasy*, 542 F.3d 738, 745–46 (9th Cir. 2008) (holding that "young men in El Salvador resisting gang violence[] is too loosely defined to meet the requirement for particularity" and "is insufficiently socially visible"), *abrogated in part by Henriquez-Rivas*, 707 F.3d 1081.

Because Lopez-Lopez did not establish eligibility for asylum, his withholding of removal claim necessarily fails. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016). We therefore deny the petition as to the withholding of removal claim.

**PETITION FOR REVIEW DENIED.**